UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT NORRIS,

    Petitioner,

v.                                                                      Case No.  8:07-cv-587-T-17EAJ

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.

_____

**ORDER**

Robert Norris seeks a 28 U.S.C. § 2254 petition for writ of habeas corpus. (Doc. No. 1). Norris challenges his convictions arising out of the Tenth Judicial Circuit, Polk County, Florida in case nos. CF00-04777A-XX andCF00-05157A-XX.

Background

Robert Norris was charged in case no. CF00-04777A-XX with burglary of a dwelling and sexual battery. He was also charged in case no. CF00-05157A-XX with burglary of a dwelling and grand theft. On January 10, 2001, Norris pled nolo contendere as charged in case no. CF00-04777A-XX. He also pled nolo contendere to the burglary count in case no. CF00-5157A-XX.  Pursuant to his plea terms, Norris was adjudicated guilty of the offenses to which he pled. The remaining grand theft count was nolle prossed. Norris was sentenced to 142.1 months prison on each of the burglary counts. A 15-year sentence as a prison releasee reoffender was imposed on the sexual battery count. All sentences ran concurrently.

Norris prosecuted a direct appeal in case no. 2D01-1369, in which his appellate counsel filed an *Anders* brief.[1] Afforded the opportunity, Norris did not file a pro se brief. The state district court per curiam affirmed without elaboration on April 3, 2002, in case no. 2D01-1369. *Norris v. State*, 816 So. 2d 622 (Fla. 2nd DCA 2002)[table]. No rehearing was sought; nor was certiorari review pursued.

On or about October 1, 2004, Norris filed a pro se motion for an evidentiary hearing and notification for downward departure of sentence. Construing the motion for an evidentiary hearing as a rule 3.850 motion, the postconviction court by order rendered March 10, 2005, dismissed the construed rule 3.850 motion without a hearing for failure to comply with rule 3.850's oath requirement. His pro se notification was treated as a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800 and dismissed. Norris did not timely appeal the adverse results.

Norris filed a pro se motion to correct sentence dated September 28, 2006, which was denied without a hearing by order rendered March 1, 2007. Norris did not appeal the denial.

## The Federal Petition

---

[1] His appellate counsel indicated among other things, Norris did not file a timely motion to withdraw his plea within 30 days as required by Fla.R.Crim.P. 3.170(l). On January 24, 2001, Norris through his trial counsel had filed a motion to withdraw the plea; however, by the time he did so, Norris had lodged his pro se notice of appeal dated January 18, 2001, of his plea-based judgments. Jurisdiction did not lie to address the motion at that juncture. In Florida, a state court may, in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn. Fla. R. Crim. P. 3.170(f). After sentencing, a timely motion to withdraw a plea pursuant to Florida Rule of Criminal Procedure 3.170(l) ordinarily tolls the time for rendition of a final order imposing judgment and sentence until the trial court files a signed, written order disposing of the motion. See Fla. R. App. P. 9.020; see also, *Smallwood v. State,* 911 So. 2d 849, 850 (Fla. 1st DCA 2005).

Norris filed a motion to withdraw plea through his court-appointed counsel after his sentencing; thus, 3.170(l), and not 3.170(f), governed his request; notwithstanding, the trial court lacked jurisdiction to entertain the motion because his motion came too late -- arriving after Norris had appealed his plea-based judgment. *See e.g., Lowe v. State*, 644 So. 2d 510, 511 (Fla. 2nd DCA 1994)(because motion to withdraw guilty pleas was filed after the defendant filed a notice of appeal, trial court no longer had jurisdiction to consider the motion). Thus, Norris' motion to withdraw plea had no impact on the finality of the judgments.

Norris filed a pro se 28 U.S.C. § 2254 petition for writ of habeas corpus dated March 18, 2007. The petition as amended is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. The AEDPA imposes a one-year limitations period on all habeas corpus s petitions, which in most cases, as in Norris', begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). *Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002). The time during which a 'properly filed' application for state postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward the limitation period. See 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4 (2000). Under *Artuz*, the Court looks to the state procedural rules governing filings to determine whether an application for state post-conviction relief is "properly filed." *Wade v. Battle*, 379 F.3d 1254, 1259-1260 (11th Cir. 2004). For purposes of § 2244(d), Norris' plea-based judgment became final on July 2, 2002, that is, upon expiration of the time for seeking certiorari review in the Supreme Court following the April 3, 2002, silent affirmance in his direct appeal. *See Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004) (Florida prisoner's conviction became "final" for AEDPA purposes on date that 90-day period for seeking certiorari review with the Supreme Court expired). Thereafter, Norris did not have a properly filed state collateral

application pending in the Florida courts pertinent to his judgments within the meaning of § 2244(d)(2) which would toll his AEDPA limitations period.[2]

By the time Norris filed his 2004 construed 3.850 application and his subsequent motions to correct sentence in 2005 and 2006, his limitations period had expired. Thus, none of these collateral attacks, even if treated as "properly filed" within the meaning of § 2244(d)(2) had any tolling effect. "[E]ven 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Moreover, his 2004 construed rule 3.850 motion was not properly filed because it did not contain the required oath in accordance with Florida's filing requirement in such regard. Thus, the motion did not qualify as a tolling application under § 2244(d)(2).  *See Hurley v. Moore*, 233 F.3d 1295 (11th Cir. 2000)(state postconviction motion which did not contain written oath required by state criminal procedural rule was not properly filed and could not toll one-year limitations period for federal habeas petitions).

Moreover, the two-year time-bar of rule 3.850 was applied by the state postconviction court in denying Norris' September 28, 2006, collateral application. Although styled as a motion to correct illegal sentence, his attack should have been brought under rule 3.850, as the denial thereof reflects. Because his attack ran afoul of rule 3.850's two-year limit, this motion does not qualify as a properly filed application

---

[2] Norris' motion to withdraw plea had no statutory tolling impact because such is not an application for state postconviction or other collateral review within the meaning of § 2244(d)(2). A rule 3.170(l) motion is not a state collateral vehicle; rather, such a motion if brought in accordance with state procedural rules is part of the ordinary direct review process in Florida.

under § 2244(d)(2).[3] A state post-conviction petition rejected by the state court as being untimely under state law is not "properly filed" within the meaning of AEDPA's § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005)(time limits, no matter their form, are 'filing' conditions)(internal quotation marks and alterations omitted).

Thus, an aggregate period of over a year elapsed in which Norris did not have pending in the state courts a tolling application. His federal petition is subject to dismissal as untimely under § 2244(d). The Supreme Court has never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations.[4]  Here, this Court need not address whether the preclusive effect of the statute of limitations can be avoided by equity because Norris' is not a case where extraordinary circumstances have prevented an otherwise diligent petitioner from timely filing his federal petition.

From Norris' complaint that he did not receive the denial of his motion to withdraw his plea until some 60-70 days after he entered prison (Doc. 1 at 3), it is

---

[3] In *Sweet v. Sec'y, Dep't of Corrections,* 467 F.3d 1311, 1315 (11th Cir. 2006), the Eleventh Circuit emphasized that "when a state court unambiguously rules that a post-conviction petition is untimely under state law, we must respect that ruling and conclude that the petition was not 'properly filed' for the purposes of § 2244(d)(2), regardless of whether the state court also reached the merits of one of the claims." 467 F.3d at 1318. The *Sweet* Court also stated that "when a state court determines that a petition is untimely, and also rejects the substantive claim on the merits, the timeliness decision standing alone compels a federal court to conclude that the state motion was not 'properly filed.'" *Id.*; *see also, Folan v. McDonough,* case no. 06-14391 at *1-2 (11th Cir. April 4, 2007) (unpublished)(*Pace*-found § 2254 appeal holding untimely 3.850 did not toll AEDPA limitations period where state court found it untimely, citing *Sweet* for proposition it is of no consequence state court alternatively addressed merits).

[4] The Eleventh Circuit has held that equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when extraordinary circumstances have prevented an otherwise diligent petitioner from timely filing his petition. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001). Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, "it is 'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence'" *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

evident he had the document before finality of his judgments had been achieved. Moreover, he does not set forth any extraordinary circumstance that would have prevented his accomplishing a timely federal filing. Norris vaguely alleges his constitutional rights were violated as a result of purported inability to read or write or properly function as a "competent human being due to drugs." (Doc. 1 at 13) This appears to constitute no more than a weak endeavor to avoid the preclusive effect of his procedural defaults of his grounds.[5] Norris does not suggest he has been incompetent during the course of his AEDPA limitations period.

Moreover, among his various unnecessary delays, Norris unjustifiably delayed following finality of judgment before lodging his construed rule 3.850 application in 2004. Norris has not alleged a sufficient basis upon which to conclude he used due diligence in pursuing his grounds and seeking federal habeas corpus relief in a timely manner. Norris' petition is untimely.

Norris alleges that his the claims in his petition constitute fundamental error as a means to overcome the time-bar.  The Court does not agree with Norris.  He has not alleged any claims that demonstrate extraordinary circumstances that entitle him to equitable tolling.

Accordingly, the Court orders:

That Norris' petition is denied as time-barred.  The Clerk is directed to enter judgment against Norris and to close this case.

---

[5] Norris entered an unconditional plea in his two cases. He did not preserve and raise the constitutional nature of his grounds for review. Nor did he assail his pleas on constitutional grounds in a timely rule 3.850 motion and then timely appeal any adverse ruling thereon.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 14, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Pro se Robert Norris